# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALLAHGEHOVAH JONES,                          )
                                             )
    Plaintiff,                               )
                                             )
v.                                           )    Case No. CIV-25-844-D
                                             )
CITY OF MOORE, *et al*.,                     )
                                             )
    Defendants.                              )

## ORDER

Plaintiff, appearing pro se, brought this action against the City of Moore, the State of Oklahoma, and four individual police officers (Todd Gibson, Brendon Hughes, Jason Landrum, and Clinton Johnson) [Doc. No. 1]. Before the Court are motions to dismiss filed by the City of Moore [Doc. No. 10] and the Officers [Doc. No. 11]. Plaintiff filed a combined response [Doc. No. 13]. The City of Moore and the Officers filed replies [Doc. Nos. 15, 16]. The matters are fully briefed and at issue.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges only the following:

> On July 18, 2024, Plaintiff was denied right to exculpatory evidence in Oklahoma case CF-2023-1064 by Defendants. Between Jan. 2024 – Dec. 2024, Plaintiff was denied 5 U.S.C. [§] 552 rights. Between June 29, 2023 – July 05, 2023, Plaintiff was unjustly imprisoned by Defendants and forced to sleep on floor.

1

[Doc. No. 1, at 5]. Based on these allegations, Plaintiff seeks punitive damages in the amount of $1 trillion dollars and for the Court to "refer officers involve[d] for criminal charges." *Id.*

This case is a refiling of Plaintiff's Section 1983 action against these same defendants, which was previously dismissed without prejudice by this Court in March 2025. *See* Case No. CIV-24-855-D. In that case, Plaintiff alleged:

> Between March 2023 and July 2024, Defendants falsely arrested Plaintiff, invaded privacy, imprisoned Plaintiff, committed perjury 1/3/24, and coerced Plaintiff in a plea agreement 7/18/24. All events happened at my home, City of Moore, and Cleveland County. I was falsely arrested and imprisoned on 6/29/23 for six days. My car was impounded 6/29/23 during arrest. Invasion of privacy started 6/30/23. This caused our foreclosure and I did a voluntary repossession to avoid harassment. My family doesn't feel safe, every time we hear a loud sound we think it's the police. The police embarrassed my daughters by going through underwear[] during raid. My kids won't play outside because of embarrassment. Officers defamed me during raid in front of neighbor all of 6/30/23. I get treated like a criminal by neighbors. I can't fix computers because I can't pass background check.

[Case No. CIV-24-855-D, Doc. No. 16, at 4-5].

In the Court's Order dismissing Case No. CIV-24-855-D, the Court: 1) determined that the State of Oklahoma was entitled to Eleventh Amendment immunity; 2) found that Plaintiff had not alleged a Section 1983 claim against the City of Moore due to Plaintiff's failure to link any of the alleged conduct to an official policy or custom of the City; 3) dismissed the official capacity claims against the Officers as redundant and duplicative

2

of the claims against the City of Moore; and 4) determined that the Officers were entitled to qualified immunity. [Case No. CIV-24-855-D, Doc. No. 39].

Plaintiff did not appeal the Court's previous dismissal Order. Approximately four months after the Court's dismissal, Plaintiff filed a "Motion to Reopen Case" [Case No. CIV-24-855-D, Doc. No. 41], which the Court denied [Doc. No. 42]. He then refiled the present action. Now, the City of Moore and the Officers have moved to dismiss this action based on many of the arguments analyzed by the Court in its previous dismissal.

**STANDARD OF DECISION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citation omitted). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Id*. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, "if [the

3

allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotations and citation omitted). Although pro se pleadings are to be liberally construed, district courts should not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## DISCUSSION

### I.    Rule 8

The Court has little trouble concluding that Plaintiff's Complaint fails to meet the threshold pleading standards of Rule 8. The Complaint contains far fewer allegations than Plaintiff's previous action's Complaint [Doc. No. 1], Amended Complaint [Doc. No. 5], which was dismissed for failure to comply with Rule 8, and Second Amended Complaint [Doc. No. 16], which was dismissed without prejudice. *See* Case No. CIV-24-855-D. Frankly, the Court is troubled by Plaintiff's present Complaint including so few allegations when the Court has repeatedly informed Plaintiff that his previous *three attempts* at pleading a cause of action were insufficient.

Having reviewed the Complaint [Doc. No. 1], the Court finds that the Complaint does not comply with Rule 8, which requires "a short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff's three sentences of allegations—aimed at collective "Defendants"—do not put any one defendant on notice of the claims which Plaintiff is attempting to state. *See Kan.*

4

*Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quotations and citation omitted) ("The *Twombly* standard may have greater bite in the context of a § 1983 claim against individual government actors, because they typically include complex claims against multiple defendants. It is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."). Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. Because Plaintiff's Complaint is insufficient under Rule 8, it is subject to dismissal.[1]

## II.    Claim Asserted Under 5 U.S.C. § 552

In one sentence of his Complaint, Plaintiff alleges that he was "denied 5 U.S.C. [§] 552 rights," which are found in the Freedom of Information Act (FOIA). [Doc. No. 1, at 5]. Notwithstanding the fact that this allegation is insufficient under federal pleading standards, FOIA "does not apply to state governments." *Davis v. California*, 734 F. App'x 560, 564 (10th Cir. 2018) (unpublished)[2]; *see also Renfro v. City of Bartlesville*, No. 12-CV-208-GKF-PJC, 2012 WL 5996376, at *6 (N.D. Okla. Nov. 30, 2012) ("FOIA does not apply to municipalities; it applies only to the federal government.") (citing 5 U.S.C. §§

---

[1] Because this is essentially Plaintiff's fourth attempt to state a claim against these defendants, the Court will also address some of Defendants' alternative arguments for dismissal and, finally, consider whether a dismissal with prejudice is warranted in this case.

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

5

551, 552); *Lathrop v. Juneau & Assoc., Inc. P.C.*, 220 F.R.D. 330, 336 (S.D. Ill. Feb. 11, 2004) ("Because Granite City is not part of the federal government, the FOIA is not applicable to the City of Granite City or its employees."). Accordingly, even had Plaintiff supplied additional allegations in support of his FOIA claim, he cannot maintain a FOIA claim against the State of Oklahoma, the City of Moore, or its employees for alleged FOIA violations. Plaintiff's FOIA claim will be dismissed.

### III.    Section 1983 Claims Asserted Against City of Moore

In its Motion to Dismiss [Doc. No. 10], the City of Moore contends that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983. "To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a municipality may not be held liable under Section 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, where a plaintiff seeks to hold a local governmental entity liable under Section 1983, he must also show that a municipal policy or custom "was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). Specifically, a plaintiff must demonstrate 1) an official policy or custom; 2) causation; and 3) deliberate indifference. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1145 (10th Cir. 2023).

The City of Moore argues in part that Plaintiff's Complaint fails to allege any official policy or custom of the City of Moore which allegedly resulted in a violation of

Plaintiff's constitutional rights. The Court agrees. Plaintiff's Complaint includes three sentences of vague allegations that he was "denied right to exculpatory evidence," was "denied 5 U.S.C. [§] 552 rights," and was "unjustly imprisoned by Defendants and forced to sleep on floor." [Doc. No. 1]. Nowhere in Plaintiff's Complaint does he attempt to demonstrate that an official policy or custom of the City of Moore caused his constitutional rights to be violated. Plaintiff has failed entirely to link the three allegations in his Complaint to any official policy or custom of the City of Moore. For this reason, the City of Moore's Motion to Dismiss [Doc. No. 10] will be granted as to Plaintiff's Section 1983 claims.

### IV.    Section 1983 Claims Asserted Against the Officers

Similar to Plaintiff's previous action (CIV-24-855-D), it is unclear from Plaintiff's Complaint whether Plaintiff brings his Section 1983 claims against the Officers in their official or individual capacities. If Plaintiff intended to allege his Section 1983 claims against the Officers in their official capacities, those claims are dismissed as redundant and duplicative of Plaintiff's Section 1983 claims against the City of Moore. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."). Accordingly, to the extent that Plaintiff attempted to sue the Officers in their official capacities, the official-capacity claims are dismissed.

7

### a.    Individual Capacity Claims

In their Motion to Dismiss [Doc. No. 11], the Officers assert that—to the extent Plaintiff intended to bring Section 1983 claims against the Officers—the Officers are entitled to qualified immunity. As stated above, Plaintiff's Complaint alleges the following, in full:

> On July 18, 2024, Plaintiff was denied right to exculpatory evidence in Oklahoma case CF-2023-1064 by Defendants. Between Jan. 2024 – Dec. 2024, Plaintiff was denied 5 U.S.C. [§] 552 rights. Between June 29, 2023 – July 05, 2023, Plaintiff was unjustly imprisoned by Defendants and forced to sleep on floor.

[Doc. No. 1, at 5]. Like with Plaintiff's first lawsuit, based on the vague nature of Plaintiff's allegations, the Officers are unsure as to whether Plaintiff intended to bring Section 1983 claims against the Officers. The Officers contend, however, that they are entitled to qualified immunity for any purported Section 1983 claims against them.

Where a defendant asserts qualified immunity, the plaintiff must overcome this defense. "The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Wood v. Moss*, 572 U.S. 744, 757 (2014) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011)). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Stewart v. Beach*, 701 F.3d 1322, 1331 (10th Cir. 2012). "The relevant,

dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The court "can decide which prong to address first, and need not address both." *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017).

In his response [Doc. No. 13], Plaintiff fails to link any of the Officers' conduct to violations of Plaintiff's constitutional rights and fails to demonstrate that the constitutional rights were "clearly established" at the time of the Officers' conduct. Plaintiff alleges various instances of the Officers lying: that Officer Johnson testified that he first met Plaintiff in June 2023, but the two actually met in January 2023; that Officer Johnson claimed that Plaintiff obtained the photograph of Officer Johnson in a cheerleading uniform from Officer Johnson's social media page, when the photo actually came from Johnson's wife's social media page; and that Officer Landrum testified he spoke with Officer Johnson about Plaintiff one time, but Officer Johnson testified they spoke on multiple occasions. [Doc. No. 13, at 3].

First, even if the Court were to agree with Plaintiff that the foregoing allegations establish "lying" by the Officers, Plaintiff's allegations do not overcome the Officers' assertion of qualified immunity. For support, Plaintiff cites to *Robison v. Via*, 821 F.2d 913 (2d Cir. 1987). Plaintiff appears to directly quote *Robison* for the proposition that "Officers who lie … are not entitled to qualified immunity." [Doc. No. 13, at 3]. However, in *Robison*, the Second Circuit "conclude[d] that the record established the qualified immunity of [Officers] Via and Harrison because it was objectively reasonable for them to

believe they violated no federal rights when they seized the children." *Robison*, 821 F.3d at 921. Nowhere in *Robison* did the Second Circuit state that officers who lie are not entitled to qualified immunity. Rather, it appears that Plaintiff is either misleading the Court with improper case citations and quotations or is failing to check the veracity of AI-generated case citations, both of which amount to sanctionable conduct. *See Moore v. City of Del City*, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025) (alternatively dismissing a party's appeal "as a sanction for [the party's] misuse of GenAI").[3]

Plaintiff also cites to *Pearson v. Callahan*, 555 U.S. 223 (2009) for the proposition that "qualified immunity involves fact-intensive inquiry often inappropriate for resolution on motion to dismiss," which *Pearson* does not support. Ultimately, Plaintiff's generalized statements that qualified immunity should not be determined at the dismissal stage is insufficient to overcome the Officers' assertion of qualified immunity. Because Plaintiff has not met his burden to show that a violation of a constitutional right occurred, and the right was clearly established at the time of the challenged conduct, the Officers are entitled to qualified immunity, and Plaintiff's Section 1983 claims against the Officers will be dismissed.

---

[3] Plaintiff also cites to *Monteiro v. City of Elizabeth*, 436 F.3d 397 (3d Cir. 2006) for the proposition that "[c]ourts deny qualified immunity when officers provide false testimony." [Doc. No. 13, at 3]. But *Monteiro* did not involve any such false testimony or its impact on a qualified immunity analysis. Rather, the Third Circuit merely concluded that "when entitlement to qualified immunity depends on a disputed issue of fact, it is proper to submit that question to a jury." *Monteiro*, 436 F.3d at 399.

V.      **Section 1983 Claim Against the State of Oklahoma**

Plaintiff also attempts to bring a claim against the State of Oklahoma under Section 1983.[4] In Plaintiff's prior action, the Court dismissed Plaintiff's Section 1983 claims against the State of Oklahoma, finding that the State of Oklahoma was entitled to Eleventh Amendment immunity. [Case No. CIV-24-855-D, Doc. No. 39, at 4]. Further, the State of Oklahoma is not a "person" subject to suit under Section 1983. *See Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) ("Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."); *see also Felmlee v. Okla.*, No. 13-CV-0803-CVE-TLW, 2014 WL 4597724, at *7 (N.D. Okla. Sept. 15, 2014) (finding plaintiff could not maintain Section 1983 claim against the State of Oklahoma as the State is not a "person" for purposes of Section 1983). Accordingly, Plaintiff's Section 1983 claim against the State of Oklahoma is dismissed.

VII.   **Remaining State Law Claims**

Plaintiff's Complaint could be construed to include certain state law tort claims, such as false imprisonment and/or malicious prosecution. However, the Court declines to exercise supplemental jurisdiction over any remaining state law claims.[5] Thus, to the extent

---

[4] It appears from the record that Plaintiff has not effected proper service on the State of Oklahoma, and the State of Oklahoma has not appeared in this action. Notwithstanding this issue, the Court *sua sponte* dismisses Plaintiff's Section 1983 claim against the State of Oklahoma for the reasons stated herein. *See Conner v. State of Okla.*, No. CIV-19-47-SLP, Doc. No. 57, at *17 (W.D. Okla. Mar. 28, 2019) (dismissing *sua sponte* the plaintiff's Section 1983 claims against the State of Oklahoma because the State of Oklahoma is not a person for purposes of Section 1983).

[5] It also appears that these state claims would be barred by the one-year statute of limitations, pursuant to OKLA. STAT. tit. 12, § 95(4). As Plaintiff's "unjust imprisonment" allegedly occurred

11

that Plaintiff intended to assert any state law claims against Defendants, those claims are dismissed.

### VIII.  Leave to Amend; Dismissal With Prejudice

The Court finds that Plaintiff's action should be dismissed and that Plaintiff need not be granted leave to amend his pleading. "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortg. Elec. Regis. Sys., Inc*., 706 F.3d 1231, 1238 n.4 (10th Cir. 2013); *see also Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010). Further, upon review of the three complaints filed in Plaintiff's previously dismissed action [Case No. CIV-24-855-D, Doc Nos. 1, 5, 16], and considering that the present Complaint is Plaintiff's fourth attempt to assert the same claims against these defendants, the Court finds that amendment would be futile.

The Court further finds that a dismissal with prejudice is warranted under these circumstances. First, in the prior action, the Court detailed the various issues with Plaintiff's Second Amended Complaint [Case No. CIV-24-855-D, Doc. No. 39]. Yet, with the present Complaint, Plaintiff has not attempted to cure any of the deficiencies of his prior complaints, and Plaintiff's allegations are even more bare-boned than those of his first three attempts.

---

between June 29, 2023 – July 5, 2023, even his first action filed on August 20, 2024 (Case No. CIV-24-855-D) would have been untimely as to these claims.

Next, in response to Defendants' Motions to Dismiss [Doc. Nos. 10, 11], which raise many of the same deficiencies as previously utilized by the Court in dismissing Case No. CIV-24-855-D, Plaintiff does not meaningfully engage with the issues raised by Defendants' motions. Rather, Plaintiff spends his response accusing Defendants of "[u]sing misconstrued language to trigger mental health symptoms and defame" him, violating discovery rules by failing to participate in discovery (even as Defendants' motions to dismiss were pending), "deliberately misconstruing Plaintiff's complaint," and harassing Plaintiff by filing "successive motions to dismiss." [Doc. No. 13, at 3-6].

Even more troubling is Plaintiff's repeated citations to fabricated cases or fabricated quotes from legitimate cases. For just a few examples, in Plaintiff's response, Plaintiff cited to *Perez v. Mortgage Bankers Ass'n*, 677 F. Supp. 2d 63 (D.D.C. 2009), *Van Scoy v. Process Control Corp.*, 113 F.3d 891 (8th Cir. 1997), and *Cok v. Family Dollar Stores of Ind., L.P.*, 2013 WL 1187553, at *4 (N.D. Ind. Mar. 21, 2013), none of which correspond to a legitimate case. Plaintiff also cites to several legitimate cases, while fabricating direct quotes that do not appear in the cited cases. For example, Plaintiff fabricated direct quotes such as "misleading characterizations of the record … constitute sanctionable conduct"; "deliberate attempts to exploit a litigant's disabilities constitute bad faith"; "[o]fficers who lie … are not entitled to qualified immunity"; and "district courts must be especially vigilant to ensure that pro se litigants are not steamrolled by well-financed defendants represented by sophisticated counsel." [6] [Doc. No. 13, at 3, 6]. These quotes were either

---

[6] This quote was used by Plaintiff to support his argument that Defendants have engaged in bad-faith litigation tactics by filing "successive motions to dismiss." However, Defendants' Motions to

fabricated by Plaintiff or were "hallucinations" caused by Plaintiff's suspected use of artificial intelligence.[7]

For these reasons, the Court finds that dismissal with prejudice is appropriate.

## IX.    Defendants' Motions to Strike [Doc. Nos. 14, 18]

Although Plaintiff references Rule 11 sanctions in his response [Doc. No. 13], the Court does not construe Plaintiff's filing as a separate motion for sanctions. The Federal Rules of Civil Procedure and this Court's Local Rules both require a motion for sanctions under Fed. R. Civ. P. 11 to be filed separately from any other motion, along with other requirements. *See* Fed. R. Civ. P. 11(c)(2); LCvR7.1(c). Accordingly, Defendants' Motion to Strike Plaintiff's Motion for Sanctions [Doc. No. 14] is **DENIED** as **MOOT**.

Defendants also filed a Motion to Strike Plaintiff's Sur-reply [Doc. No. 18] on the basis that Plaintiff's Sur-reply [Doc. No. 17] was filed without leave of Court. *See* LCvR7.1(h) ("Supplemental briefs may be filed only upon motion and leave of court."). Defendants' motion to strike Plaintiff's sur-reply filed without leave of Court is **GRANTED**.

---

Dismiss [Doc. Nos. 10, 11] were not successive, and the fact that these defendants also moved to dismiss Plaintiff's action in Case No. CIV-24-855-D does not preclude them from seeking dismissal of the present action.

[7] On this point, the Court previously directed Plaintiff to a recent Tenth Circuit decision, *Moore v. City of Del City*, in which the Tenth Circuit alternatively dismissed a party's appeal "as a sanction for [the party's] misuse of GenAI and order[ed] that in any future filings …, [the party] must, under penalty of perjury, state whether she used a GenAI tool and verify that all case citations accurately refer to actual, existing cases." 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025) (unpublished).

## CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss [Doc. Nos. 10, 11] are **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Motion for Sanctions [Doc. No. 14] is **DENIED** as **MOOT**, and Defendants' Motion to Strike Plaintiff's Sur-reply [Doc. No. 18] is **GRANTED**.

**IT IS SO ORDERED** this 24th day of June, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

15